IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES SYLVESTER BELL                                      PLAINTIFF

VS.                                         CIVIL ACTION NO.3:10cv344-FKB

CHRISTOPHER EPPS, et al.                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

      Plaintiff, a state inmate, brought this action pursuant to § 1983 alleging that prison officials confiscated his typewriter and failed to return it. Plaintiff and Defendants have each filed motions for summary judgment. In his motion, Plaintiff seeks to establish that the typewriter was confiscated and not returned. Defendants' motion for summary judgment focuses primarily upon evidence showing that Plaintiff never possessed a typewriter. In any event, the Court concludes that Plaintiff's complaint should be dismissed for failure to state a claim.

      It is well-settled that intentional deprivations of property by state officials do no violate the constitution if adequate post-deprivation remedies exist. *Hudson v. Palmer*, 468 U.S. 517 (1984). Negligent deprivations likewise do not raise a constitutional claim. *Daniels v. Williams*, 474 U.S. 327 (1986). Mississippi common law provides adequate remedies for the taking of personal property. *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Moreover, the Mississippi Department of Corrections Administrative Remedies Program provides an additional means of obtaining redress for property deprivations. *See Hudson*, 468 U.S. at 536 n. 15 (inmate grievance procedures put in place by the

prison may constitute an adequate post-deprivation remedy). Accordingly, the Court concludes that this action should be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this the 12th day of December, 2011.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE